HARRY ZOLTE, Plaintiff, v. NATIONAL TRANSPORTATION CO., INC., and Others, Defendants.

REGINA ZOLTE, Plaintiff, v. NATIONAL TRANSPORTATION CO., INC., and Others, Defendants.

Supreme Court, Erie County, June 27, 1935.

William J. Brock, for the plaintiffs, opposing the application.

James A. Doherty [Philip Hoffer of counsel], for the defendant National Transportation Co., Inc., for the application.

HARRIS, J. This is a motion by the National Transportation Co., Inc., one of the defendants in this action, for a change of venue from Erie county to New York county for the convenience of necessary and material witnesses. Section 187 of the Civil Practice Act, under which the moving party applies, provides that " The court, by order, may change the place of trial * * * (3) Where the convenience of material witnesses and the ends of justice will be promoted by the change."

This action is one in negligence, and the plaintiffs reside in the county of Erie, and, therefore, original venue was properly laid in the county of Erie. The moving defendant in its affidavits presents the names and addresses of a number of persons who that defendant claims will be material witnesses. Some of the persons so named are codefendants in these actions, and in reference to them the plaintiffs claim that their probable testimony may not be considered by the court on this application.

The rule is that the convenience of parties or those within their control ordinarily is not considered on the question of the convenience of witnesses, but on this application the moving party makes the distinction that these codefendants are not to be examined on their own behalf but that the moving defendant proposes to examine them on its behalf and that, therefore, such codefendants should be regarded in the same light as are regarded other necessary witnesses. With such viewpoint the court agrees. On its papers the moving defendant makes a showing from which the court can say that the convenience of necessary and material witnesses would be gained by changing the venue in this action from Erie county to New York county.

The plaintiffs present a set of affidavits and name therein certain witnesses who they claim are material and necessary witnesses and who reside in Erie county. Although the plaintiffs' papers do not show this in the description of such witnesses, it is within the knowledge of this court that four of such witnesses include the daughter and son-in-law of the plaintiffs and two of the employees of one of the plaintiffs. Certainly the convenience of witnesses of this type should not be considered on an application of this nature. The moving defendant refers to two physicians who reside in the county of New York who it claims will be necessary witnesses and in this claim the plaintiffs join, but the plaintiffs say that in reference to those two witnesses the plaintiffs will produce them on the trial in Erie county and will need them to prove their cases. The plaintiffs name a list of seven physicians and dental surgeons who they claim it will be necessary to produce as witnesses to sustain their contentions on the trial as to the physical condition of the plaintiffs both

before and after the collision of the automobiles which is the basis of these actions. This court is impressed by the fact that requiring these physicians or an appreciable number of them to go to New York county would result in serious inconvenience to them and to their patients.

This application, however, has an aspect that is, to the mind of the court, even more serious than the convenience of certain witnesses, and that is the question whether a change of venue will or will not be in the interests of justice. Tort actions on the trial calendar of Erie county which are not preferred may, with due diligence, be reached for trial in a period of four to five months after the date of issue. In New York county, unless a jury trial is waived, such actions cannot be reached for trial for a period of eighteen or more months, even though due diligence is used in pressing the trial of such actions. This statement as to the condition of the calendar of Erie county is made from the knowledge of this court, and the statement in reference to the calendar of New York county is made from the experience of this court in trying cases in New York county and also from the information given this court by the counsel for the moving defendant on this motion.

It is contended by the plaintiffs that the plaintiff Harry Zolte is an invalid. To compel any litigant, invalid or otherwise, to wait an additional year or more so that action may be tried in New York county, to the mind of this court, would be decidedly against the interests of justice so far as these particular actions are concerned. This court, therefore, denies the motion for the change of venue herein.